A. T. BLACKMAR and W. P. IRWIN, Jun. v. EDWIN THOMAS.

The defendants consigned and shipped to the plaintiffs a cargo of corn, to be sold on commission, at the same time drawing upon the plaintiffs, on account of the shipment, a draft at fifteen days, for $3300, which the plaintiffs accepted and paid. The corn being subsequently sold, by the plaintiffs, under the directions of the defendant, and the proceeds credited to the account of the acceptance, there remained a balance of $556.29 due to the plaintiffs, which the defendant promised to pay. *Held* that the plaintiffs as factors, having advanced money on account of the goods, had a right to sell the same for their reimbursement, without any special instructions from their principal; and that for the amount of the deficiency, an action would lie, without any averment of a certain balance due, of an express promise to pay the same, and of a breach of such promise.

APPEAL from a judgment of the Supreme Court. The action was to recover the amount of an over-draft by the defendant, on a cargo of corn shipped by him from Buffalo to the plaintiffs, as consignees, at Albany, for sale on commission.

The complaint averred that the plaintiffs were partners, as produce commission merchants, at Albany, under the name of Blackmar & Irwin. That the defendant, on the 31st July, 1857, at Buffalo, consigned and shipped to the plaintiffs, by canal, a cargo of 4500 bushels of corn for storage and for sale, when directed, on commission. That at the same time the defendant drew at fifteen days, on the plaintiffs, for $3300, on account of such shipment, to be charged as advised. That the plaintiffs for the defendant's accommodation accepted, and on the 18th August, 1857, for his accommodation and at his request paid said draft, and charged to account of such shipment, as advised by the defendant. That the cargo arrived on the 11th August, 1857, and pursuant to the defendant's directions was first put in store, and afterwards, and on the 12th September, 1857, sold. That the net proceeds of the sale were $2743.71,

and were credited to the defendant on account of the accept-
ance and payment of draft, and left a balance of $556.29,
for which the defendant was indebted to the plaintiffs. That
being so indebted the defendant, on the 18th September,
1857, promised to pay this balance to the plaintiffs. And
that although often requested the defendant has not paid
said balance or any part thereof, but is justly indebted to
the plaintiffs therefor, for which, and interest, they demand
judgment.

To this complaint the defendant demurred, assigning as
ground therefor that the complaint did not state facts suffi-
cient to constitute a cause of action.

The plaintiffs applied, on notice, to a justice of the Supreme
Court at chambers, for judgment in their favor, against the
defendant, on the ground of the frivolousness of the de-
murrer. The demurrer was adjudged frivolous, and judg-
ment ordered against the defendant for the amount claimed
in the complaint, with costs; without prejudice to the de-
fendant's right to apply at special term for leave to answer.

No application being made at special term the judgment
was entered, and the defendant appealed therefrom to the
court at general term, when the same was affirmed. The
defendant appealed to this court.

*F. E. Cornwell*, for the plaintiffs.

*John Hubbell*, for the defendant.

WRIGHT, J. This appeal is without merit. The com-
plaint alleges that on the 31st of July, 1857, the defendant
consigned to the plaintiffs, at Albany, to be stored and sold
when directed, 4500 bushels of corn; and at the same time
drew on the plaintiffs, at 15 days, for $3300, which bill was,
before maturity, accepted by the plaintiffs for the defendant's
accommodation; and at its maturity, for the accommodation
and at the request of the defendant, they paid the same,

and, as advised by the defendant, charged such payment to the account of said consignment, to be paid to them with interest whenever the cargo of corn should thereafter be sold; that in pursuance of the directions of the defendant, the cargo of corn on its arrival at Albany on the 11th of August, 1857, was stored by the plaintiffs, and was afterwards, on the 12th of September, sold by them, the net proceeds thereof, after payment of freight, storage, weighing, insurance, the commissions of said plaintiffs, and the interest on the draft accruing after maturity, amounting to the sum of $2743.71; that said net proceeds were applied by the plaintiffs in account with the defendant towards the said sum of $3300, and then there remained due to the plaintiffs, upon said account, a balance of $556.29; that being so indebted, the defendant, in consideration thereof, afterwards, to wit, on the 18th of September, 1857, promised to pay to the plaintiffs the balance as aforesaid; and the plaintiffs demand judgment for such balance.

There is here a clear cause of action disclosed for the deficiency of the proceeds of the consignment to pay the draft; without regard to the concluding allegations of the complaint, of a certain balance due, and of an express promise to pay the same, and of a breach of such promise. The case is stated of the consignment of a cargo of corn and the making of a draft against the consignment, which the plaintiffs accepted and paid; the sale of the property consigned, and a deficiency in the fund arising therefrom, to reimburse the plaintiffs for the money advanced, as is alleged, for the accommodation and at the request of the defendant. Treating the advance, however, as made upon the faith of the consigned cargo, and in anticipation of its avails the plaintiffs as factors, after exhausting the fund arising from the consigned property, had the legal right to resort to the defendant, as principal, for the balance due. Here it is alleged that the proceeds of the consigned property arising from its sale were insufficient to

pay the advances. It is said that the property was sold without waiting for the direction or authority of, and without notice to, the defendant. This, by no means, appears clear from the complaint; but if it had, it could not alter the rights of the parties. It is averred that the corn was consigned to the plaintiffs to be stored, and when directed by the defendant, to be sold on commission; and that such corn was, in pursuance of such directions, stored and sold, the deficiency ascertained, and an express promise made by the defendant to pay such deficiency. Had it, however, clearly appeared that the terms of the consignment were to store and sell when instructed by the defendant, and the plaintiffs sold, a month afterwards, without any special instructions; that fact alone would not deprive them of the right to call upon their principal to make good a deficiency. In *Marfield* v. *Goodhue*, (3 Comst. 62,) it was held that a factor who has made advances upon goods after their receipt by him may proceed to sell, notwithstanding instructions from his principal to the contrary; provided the latter, after reasonable notice, fails to repay his advances; and in the case of *Brown* v. *McGraw*, (14 Peters, 470,) the Supreme Court of the United States held that the party, under such instructions, might sell in defiance of his instructions, without even calling upon the principal for reimbursement. It is not, however, necessary in this case to affirm the principle of the latter decision to its fullest extent.

The complaint was clearly sufficient, and the demurrer frivolous. The judgment of the Supreme Court should be affirmed.

BALCOM, J. It can hardly be said that the complaint shows that the sale of the cargo of corn by the plaintiffs was made in pursuance of the directions of the defendant; yet it does show that there was a balance of $556.29, besides interest, due the plaintiffs after applying the net proceeds

of the corn in payment of the advances they made for the accommodation of the defendant, in taking up his draft; and that the defendant, being indebted to the plaintiffs for such balance, and in consideration thereof afterwards, on a day named, promised the plaintiffs to pay such balance to them.

It is clear that the plaintiffs accepted and paid the defendant's draft upon the faith of the corn the latter consigned to them, and that the proceeds of the corn were insufficient to reimburse them, into $556.29 for the money they advanced in paying the draft.

There can be no doubt that these facts made the defendant liable to pay the plaintiffs such deficiency, if the sale of the corn was either authorized or ratified by him. (*Gihon* v. *Stanton*, 5 Seld. 476.) And the decision in *Brown* v. *McGraw*, (14 Peters' Rep. 479,) goes farther than this. But it is unnecessary now to determine whether that decision should be followed by this court.

When the defendant promised to pay to the plaintiffs the balance of their advances, over and above the net proceeds of the corn, he ratified the sale of the corn by the plaintiffs. The inference from such promise is that the defendant was satisfied with the sale; and he can not be allowed now to question the legality of the sale, unless his promise was fraudulently obtained, or was made in ignorance of facts that would justify him in repudiating it; neither of which can be inferred from the complaint.

The same strictness in pleading is not required under the code that was exacted by the courts under our former system of practice. (See 3 Seld. 476; 19 N. Y. Rep. 231.) The code expressly enjoins, that "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties." (§ 159.)

These views lead to the conclusion that the complaint states facts sufficient to constitute a cause of action; and

that the judgment of the Supreme Court, overruling the demurrer to the same as frivolous, should be affirmed with costs.

EMOTT, J. dissented.

ROSEKRANS, J. was absent.

All the other judges concurring with WRIGHT and BALCOM, Justices,

Judgment affirmed.