THE UNIVERSAL FASHION COMPANY, Appellant, *v.* JOHN SKINNER, Respondent.

*A written contract — stating that its stipulations contain the whole contract — false repesentations by an agent.*

A company, engaged in the manufacture of paper patterns for dresses, sued one Skinner for goods sold under a written contract which contained a clause stating that its stipulations contained the whole contract, and that any terms different therefrom or supplemental thereto should bind neither party. Skinner's answer admitted the making of the contract, but alleged, in avoidance, the fraud of the company's agent; in that the agent stated, that the goods were new to the city where they were to be sold; that they were to be merchantable, and that Skinner was to be the sole agent in that city, and that these representations were false.

The company demurred to the answer.

*Held,* that, as by the demurrer it was admitted that the representations of the agent were false, the contract based upon them was void.

Where a party is induced to enter into a contract by the false representations of an agent, the principal cannot sustain a claim to enforce the contract freed from the representations. (Per Van Brunt, P. J.)

An agreement in which the principal stipulates that he shall not be liable for the fraud of his agent cannot be enforced. (Per Andrews, J.); O'Brien, J., dissenting.

Appeal by the plaintiff, the Universal Fashion Company, from an order of the Supreme Court, dated December 7, 1891; and from a judgment of the said court, entered in the office of the clerk of the city and county of New York on the 26th day of February, 1892, overruling the plaintiff's demurrer to the answer in this action and dismissing the complaint.

The facts are stated in the dissenting opinion of O'Brien, J., and for that reason it is printed first.

*Raphael J. Moses,* for the appellant.

*Van Alstyne & Hevenor,* for the respondent.

O'BRIEN, J. (dissenting):

The plaintiff sued upon a written contract to recover the price agreed for certain paper patterns for making dresses. Such contract contained a clause as follows: "The above stipulations comprise the entire contract between the parties which has been read over by the purchaser before signing, and it is expressly agreed that no terms or conditions different therefrom or supplemental thereto shall be binding upon either party, and that all statements and representations not hereinbefore expressed in writing shall be absolutely inoperative to affect the right of either party hereto." The answer admits the contract, and alleges fraud on the part of plaintiff in procuring its execution. The answer demurred to reads as follows:

That at and previous to the signing of the contract the said plaintiff, by their agent in that behalf, at the said city of Albany, with the intent and for the purpose of inducing the defendant to purchase from the plaintiff the paper patterns in the second count of said complaint and in said contract referred to, and to sign said contract, did knowingly, falsely and fraudulently represent to this defendant that the paper patterns of said plaintiff, and all paper patterns which should be sold or furnished to the defendant by the plaintiff, under said contract, were and should be good, merchantable and salable articles of merchandise; that the patterns of said plaintiff had not been introduced in the Albany market; that the said patterns would be good, salable articles in said city of Albany; that the plaintiff had no agency and never had any agency for the sale of its patterns in the city of Albany, and was desirous of establishing such an agency in said city; and that the defendant would and should be the only agent of plaintiff in said city for the sale of its patterns, if he would purchase said patterns and accept such agency; whereas, in truth and in fact, the paper patterns of the plaintiff, and especially those which the plaintiff afterwards furnished to the defendant, and referred to in the second and third counts of said complaint, were not good, merchantable and salable articles in said city of Albany; but, on the contrary, the patterns of said plaintiff, so furnished by it to said defendant, were, at the time of being so purchased and delivered to him, poor, unmerchantable and unsalable articles of merchandise; and whereas, in truth and in fact, the patterns of said plaintiff had been introduced by them in the market of said

city of Albany for several years before the making of said contract, and, as the defendant, upon information and belief, avers, proved to be and were unsalable articles of merchandise therein; and whereas, in truth and in fact, the said plaintiffs, at the time of the making of said contract with this defendant, then had, and for several years previous thereto had had, divers agents in the said city of Albany for the sale of their patterns, all which agents, as the defendant upon information and belief avers, found the patterns of said plaintiff to be poor and unsalable articles of merchandise; all of which facts the said plaintiff well knew at the time it, for the purposes aforesaid, made such false and fraudulent representations to this defendant.

And this defendant further says: That, believing the truth of, and relying upon, the said false and fraudulent representations so made to him by said plaintiff, and believing that the paper patterns so to be furnished by the plaintiff to him were to be, and would be, good, merchantable and salable articles, and good, salable articles in said city of Albany, and that said plaintiff had not introduced its patterns in the market of said city; and that the plaintiff had no agency for the sale of its patterns in said city; and that he would be the only agent for plaintiff in said city for the sale of its patterns, if he should purchase such patterns and accept such agency; he did sign the aforesaid paper.

There are two questions presented upon this appeal. The first is, whether the parol representations alleged in the answer are competent to vary the written contract; the second, if competent generally, whether, under the special circumstances of this case, where a stipulation is incorporated into a written contract "that no terms or conditions different therefrom, or supplemental thereto, shall be binding upon either party, and that all statements and representations not hereinbefore expressed in writing shall be absolutely inoperative to affect the right of either party hereto," the alleged parol false representations of an agent are competent to destroy the contract made by the principal.

As to the first, as to when contemporaneous oral agreements are admissible, two late cases, one in the United States Supreme Court, *Seitz* v. *The Brewers' Refrigerating Machine Company* (reported in the Law Journal, Dec. 14, 1891), and the other, *Eighmie* v. *Taylor* (98 N. Y., 288), are in point. In the latter case the rule is thus stated:

" The writings which are protected from the effect of contemporaneous oral stipulations are those containing the terms of a contract between the parties and designed to be the repository and evidence of their final intentions. If, upon inspection and study of the writing, read, it may be, in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract."

Under this rule, where the parties themselves stipulate that the writing contains the entire contract, it is difficult to see upon what theory contemporaneous oral agreements or representations are admissible to vary a written contract. Apart, however, from the view which we take of the rule thus stated, which would be favorable· to appellant's contention, we think, upon the second ground, that the demurrer should have been sustained.

It is not claimed that the representations charged to be false, and which the defendant alleges were the inducing cause to the contract, were made by the principal, but it is expressly alleged that they were made by an agent. There is no suggestion that defendant was not able to read and write, and in all respects able to understand his rights; nor is it claimed that he was in any way induced to sign this particular form of contract by fraud or concealment of its terms. By the fourth clause of the contract the limitations on the authority of the agent to bind the principal by any representations are distinctly stated; and in view of this fact we do not think it can be held that the statements of the agent can bind the company where a person who has dealt with such agent has actual notice that such agent had merely special powers, and had no power or authority whatever to make verbal contracts out of the written contract which he signed. It is not improper for the parties to stipulate, for the purpose of avoiding any doubt as to its terms, that their entire contract is expressed in writing, because in this they would be merely following the statute of frauds and the rules of prudence dictated by the courts and the experience of mankind.

We are not referred to any authority which has gone to the extent of holding that a principal may not limit the authority of the agent. And where one deals with such agent, with full knowledge of the

extent of his power and authority, he cannot avail himself of any defense based upon any act exceeding such authority. We are of opinion, therefore, that the defendant, in the face of the express stipulation that any representations, except those contained in the contract, should not be binding upon the parties, cannot, for the purpose of defeating a recovery upon such written contract, avail himself of representations made by the agent. Such representations being the only defense interposed to the complaint, and not being available to defendant, the plaintiff properly demurred thereto, and the demurrer should have been sustained.

We are of opinion that the judgment should be reversed, with costs to appellant to abide event, and with leave to the defendant to answer over.

VAN BRUNT, P. J.:

I cannot concur in this opinion. False and fraudulent representations, by which a party is induced to enter into a contract, always avoid the same.

The provisions of the fourth section of the contract adds nothing to its force, as the law implies the same. Whether upon the trial the proof will sustain the averments is one question, but the demurrer admits that the defendant was induced to enter into the contracts by false and fraudulent representations. The fact of the representations being made by an agent, and not by the principal, does not alter the question, as there is no proof that the agent was not authorized to make the representations, and, besides, if a party is induced to enter into a contract by false representations upon the part of an agent the principal cannot claim the contract freed from the representations.

The judgment should be affirmed, with costs.

ANDREWS, J.:

If the construction of section 4, of the contract contended for by plaintiff's counsel is correct, that section is an agreement that the plaintiff shall not be liable for the fraud of its own agent. Such an agreement cannot be enforced; and I concur with the presiding justice that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.