## HAAS v. ALTIERI.

(Common Pleas of New York City and County, General Term.  February 6, 1893.)

1. REPLEVIN OF CHECK—ESTOPPEL.
   Where the drawer delivers a check to a third party upon his promise to deliver it to the person for whom it was intended, such party becomes a bailee for such person; and in replevin by such person for the check such party is estopped to assert a right in himself to the check.

2. SAME—EFFECT OF GENERAL DENIAL.
   In replevin in the detinet a general denial puts in issue the property and the right of possession.

(Syllabus by the Court.)

Appeal from city court, general term.

Replevin by Frederick Haas against Pietro Altieri to try title to a check. Plaintiff had judgment, which was affirmed by the city court at general term, (19 N. Y. Supp. 687,) and defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thornall, Squires & Pierce, (Franklin Pierce, of counsel,) for appellant.

Hays & Greenbaum, (Samuel Greenbaum, of counsel,) for respondent.

PRYOR, J. The action being replevin in the detinet, the general denial puts in issue as well the title of the plaintiff as the wrongful detention by the defendant. Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. Rep. 740. It is not to be doubted that replevin lies for the possession of a check. Bank v. Bingham, 118 N. Y. 349, 23 N. E. Rep. 180; Barnett v. Selling, 70 N. Y. 492. It must be so upon principle, since replevin may be brought for any personal chattel susceptible of description and seizure; and that a check is property is a self-evident proposition,—equally with a note or draft or bill of lading. Nichols v. Mase, 94 N. Y. 160, held only that a lease in custodia legis is not the subject of replevin; and Barnett v. Selling, supra, that neither is a check "paid and returned as a voucher to the maker." It is inconceivable that value may be predicable of a check so irrecoverably extinct. The real question in controversy is whether the plaintiff had such title to the check as would sustain the action. It is elementary that to support replevin the plaintiff must have such an interest in the chattel as gives him the right of immediate possession; and the title must be a legal title, not a right enforceable only in equity. Pettibone v. Drakeford, 37 Hun, 628; Fulton v. Fulton, 48 Barb. 581; Deeley v. Dwight, 132 N.

Y. 59.[1]   What was plaintiff's title to the check?   A thousand dollars was payable to plaintiff by Lovell.   For this sum Lovell drew the check in controversy to the order of defendant's firm, and by them indorsed to plaintiff, and gave it to defendant for delivery to plaintiff. Instead of so delivering it, defendant erased the indorsement to plaintiff, and deposited it in his own bank.   Meanwhile, however, discovering that defendant would not deliver the check to plaintiff, Lovell countermanded its payment.   Upon this state of fact, why did not the legal title to the check vest in the plaintiff?   Lovell, the drawer, had passed it to defendant for delivery to the plaintiff, and the defendant, by his indorsement to plaintiff, had transferred to him the property with the right of possession.   Thus Lovell had parted with the possession and dominion of the check, with the intent to transfer both to the plaintiff. Why was not this concurrence of act and intent sufficient and operative to vest title in the plaintiff?   The answer is:   First, that a delivery to plaintiff was indispensable to the transfer of title; and, secondly, that the erasure of the indorsement to plaintiff defeated that effect.   But the delivery was to defendant as a mere intermediary between Lovell and plaintiff, and so, in legal effect, the delivery to defendant was a delivery to plaintiff.   Nor could the defendant, by a mere wrongful erasure of the indorsement, intercept the passage of the title to plaintiff, any more than by the destruction of the check he could accomplish that result.   Such destruction, of itself, would have constituted a conversion.   But wherever, in fact, the title may have resided, the defendant was precluded from saying that it was not in the plaintiff.

The facts, as found by the jury under the charge, were that Lovell gave the check to the defendant as the property of the plaintiff, and for delivery to the plaintiff; that the defendant accepted possession of the check as the property of the plaintiff, and upon an express promise to deliver it to him.   By what right could the defendant deny the title of the plaintiff, and assert an adverse interest in himself?   Upon every principle of estoppel he was precluded from assuming any such position. He took upon himself the character of bailee for the plaintiff; as such was bound to deliver the check to the plaintiff; and by all authorities and the plainest principles he will not be heard to say, as against the plaintiff, that the check is his property, nor that he has any interest in it in hostility to the plaintiff's title and right of possession.   For the purposes of the action, then, the title of the plaintiff was irrefragable. But it is urged that the stoppage of payment of the check made it valueless.   Not so, however, since the stoppage was not against the plaintiff; and, at all events, he still had a right of recourse against the drawer. As a ground of dismissal it was insisted that the return pendente lite of the check to Lovell sufficed to defeat the action, but in truth this was a substantive and independent wrong on the part of the defendant, and of itself subjected him to liability.   It is fundamental that a right of action once vested can be extinguished only by release or satisfaction.   It is further contended that Lovell was the proper person to sue, but as owner

[1] 30 N. E. Rep. 258.

of the check the plaintiff was the real party in interest. As to the point that the jury applied an erroneous rule of damages in allowing plaintiff the face value of the check, we answer that this is the prima facie measure of compensation, (Booth v. Powers, 56 N. Y. 22; Railroad Co. v. Bayne, 75 N. Y. 1,) and that defendant failed to reduce the apparent amount of recovery. An examination of appellant's exceptions to the charge and the evidence satisfies us that they are not of merit.

Judgment affirmed, with costs. All concur.