(9 Misc. Rep. 485.)

ESTELLE v. DINSBEER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

SET-OFF AND COUNTERCLAIM—PARTS OF SINGLE TRANSACTION.

Plaintiff leased to defendant a boarding house, representing that the income of it was $400 per month, and sold to defendant the furniture in the house, which he represented was free from incumbrance, and a chattel mortgage was taken for the price. The lease and mortgage each referred to the other. *Held*, in an action for an installment due on the chattel mortgage, that falsity in the representations as to the income of the house are admissible to defeat the claim; the lease and chattel mortgage being parts of the same transaction.

Action by George B. Estelle against Mary Dinsbeer. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George A. McDermott, for appellant.

P. C. Talman, for respondent.

BOOKSTAVER, J. This action was brought to recover $100 claimed to be due on the 15th February, 1894, as an installment under a chattel mortgage which was given by the defendant to the plaintiff upon the purchase of the furniture in the house 244 West Thirty-Ninth street. The answer was a general denial, payment, and fraud; the fraud, as claimed by the defendant, consisting in the representations that the furniture sold was free and clear; that the house brought in an income of $400 per month; and that the neighborhood was good,—all of which defendant claimed were false, inasmuch as the furniture was at the time subject to a chattel mortgage to another person for $2,300, the neighborhood was not good, and the list of boarders delivered to defendant at the time, and which was represented to the defendant as containing only the names of permanent boarders, was fraudulent, in that the persons represented as permanent boarders were not such, all having left the following day, except a few on the top floor. On the trial, many questions were put to bring out these facts, but all of them were overruled by the justice who tried the cause. We infer from his rulings that he considered evidence could only be given as to the particular installment of $100. This was clearly erroneous. While district courts, of course, have no jurisdiction in equity, yet the defense of fraud in inducing a contract may always be set up and proved in these courts, not for the purpose of obtaining affirmative relief, but for the purpose of defeating a claim founded in fraud. This is too well settled to need the citation of any authority. Besides, it appeared upon the trial that an accepted order was given, signed by both the plaintiff and the defendant, transferring one-half of the February installment, as well as one-half of the following March installment, to one Bly, who, as far as appears from the return, still holds this order, upon which he, of course, has a right of action. Such right, once vested, can only be extinguished by release or satisfaction (Haas v. Altieri, 2 Misc. Rep. 252, 21 N. Y. Supp. 950); and there

is no evidence that either has been done in this case. It also appears from the return that the purchase of this furniture was only a part of a single transaction, the other part being the giving of a lease for a term of five years, at an annual rental of $1,500 per annum; and these transactions were had between the parties in order that the defendant might carry on a boarding house in the premises 244 West Thirty-Ninth street. The lease referred to the mortgage, and the mortgage to the lease, and were thus made interdependent. The court excluded the lease when offered, and would allow no evidence in respect thereto. This also was clearly error. For these reasons, the judgment must be reversed, and a new trial ordered, with costs to the appellant.