(15 Misc. Rep. 129.)

## SMITH v. HILDENBRAND.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

1. FRAUD—PLEADING—DISTRICT COURT OF NEW YORK CITY.

An answer admitting the execution and delivery of the instrument sued on (an order for books containing a review of defendant's business) substantially as set out in the complaint, but alleging that it was procured by false. and fraudulent representations made by plaintiff's agent, and that the books were not such as were represented by the agent, and alleging a prompt return thereof to plaintiff, is sufficient, under the rules of pleading in the district courts of New York City, to raise the issue of fraud.

2. PAROL EVIDENCE—WRITING CONTAINING AGREEMENT OF ONLY ONE PARTY.

An order for books, given by defendant to the publisher, was as follows: "It is agreed that the publishers will not be held responsible for any agreement, promise of cuts, etc., not expressed on this contract in writing." Under this was the publisher's name. It then continued: "You are hereby authorized to deliver 10 copies, * * * bound in embossed pamphlet covers, for which I will pay you, or order, the sum of ten dollars upon delivery of same. An editorial review of our business to appear in the publication." Then came the signature of defendant, after which was the following clause: "Remarks. To prevent errors, fill this out in ink, and write name and address plainly." *Held*, that such instrument contained only the agreement of defendant, and parol evidence was admissible to show the agreement of the other party. Service Co. v. Hartung, 18 N. Y. Supp. 143, distinguished.

3. PRINCIPAL AND AGENT—LIABILITY FOR FRAUD OF AGENT.

A provision, in a contract procured by the agent of one of the parties, that such party "will not be held responsible for any agreement * * * not expressed on this contract in writing," does not relieve him from liability for the fraudulent representations of his agent made within the scope of his apparent authority.

Appeal from Eleventh district court.

Action by Ada F. Parsons Smith against William Hildenbrand. From a judgment rendered on a verdict in favor of defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

I. Newton Williams, for appellant.

Charles C. Keeler, for respondent.

BOOKSTAVER, J. The action was brought to recover upon the following written instrument:

"It is agreed that the publishers will not be held responsible for any agreement, promise of cuts, etc., not expressed on this contract in writing.
                                        "The A. F. Parsons Publishing Company.

"$10.00.                                        New York, Aug. 14, 1894.

"You are hereby authorized to deliver 10 copies of 'New York, 1894,' bound in embossed pamphlet covers, for which I will pay you, or order, the sum of ten dollars upon delivery of same. An editorial review of our business to appear in the publication.                    Name, W. Hildenbrand,
                                        "Address, 1 Broadway.

"Remarks: To prevent errors, fill this out in ink, and write name and address plainly."

"It is agreed," etc., was printed in nonpareil type in one line, at the head of the instrument; "The A. F. Parsons Publishing Com-

pany" following immediately after in two-line pica or heroic type; while the body of the instrument was in geometric italic pica. The answer admitted the execution and delivery of the instrument substantially as set out in the complaint, but alleged that the contract was obtained by false and fraudulent representations made by plaintiff's agent to defendant at the time defendant signed the same, and that the books delivered under the contract were not such as were represented by the agent, and alleged a prompt return of the books to the plaintiff.

The question raised on the appeal is by plaintiff's objection to the admissibility of defendant's evidence as to the alleged false representations made by plaintiff's agent, on the ground that by the instrument in suit the agent's authority was limited and restricted to the obtaining of subscriptions with such conditions and terms as the subscriber should write on the contract only, and that the plaintiff is not bound by any condition or representation not contained in the contract itself, and also on the ground that fraud had not been sufficiently pleaded in the answer. We think the fraudulent acts complained of were sufficiently set forth in the answer. District courts are not bound to the same strictness in the matter of pleadings as courts of record are, if they can find any allegations which, under any view, may constitute defenses. Crane v. Hardman, 4 E. D. Smith, 448; Blackmar v. Thomas, 28 N. Y. 67. A pleading which informs the plaintiff of the nature of defendant's defense, and of the character of the evidence by which it is to be sustained, is sufficient. Cohen v. Dupont, 1 Sandf. 260. An answer need only be so expressed as to enable a person of common understanding to know what is intended. Code Civ. Proc. § 2940. If the averments in the answer were defective, plaintiff's remedy would have been by making it more definite and certain.

In Estelle v. Dinsbeer, 9 Misc. Rep. 485, 30 N. Y. Supp. 226, we said:

"The defense of fraud in inducing a contract may always be set up and proved in these [district] courts for the purpose of defeating a claim founded in fraud. This is too well settled to need the citation of any authority."

But plaintiff relies principally upon the limitation of the agent's authority contained in the clause at the head of the written instrument, as follows:

"It is agreed that the publishers will not be held responsible for any agreement, promise of cuts, etc., not expressed in this contract in writing."

But the instrument, if it could properly be called a "contract" at all, clearly contained only the undertaking of the defendant, for it bound the plaintiff to do nothing. Were it a complete contract, it does not subject the plaintiff to any penalty if she never published the book; and in such case the defendant could have had no remedy had it never been published and he had been injured thereby. There was no agreement as to the form, size, or contents of the publication, nor as to the number of copies to be issued. It is inconceivable that the defendant should have entered into a contract without knowing something about all these matters, and having some assurance in regard thereto. Had the plaintiff published a list of the supposed

disorderly resorts in the city of New York, together with an editorial review of defendant's business, it would have been a complete compliance with the contract, if this instrument contained the whole of the contract, and he would have been compelled to pay the alleged contract price, although such a publication would have submitted him to the ridicule of his friends and the reprobation of those who did not know him. It is clear, therefore, that the instrument did not embrace plaintiff's part of the contract; and the rule which rejects parol evidence when offered with respect to a contract between parties, and put in writing, has no application to a case where a part only is in writing, and the rest verbal (Routledge v. Worthington Co., 119 N. Y. 597, 23 N. E. 1111; Weeks v. Binns, 85 Hun, 70, 32 N. Y. Supp. 644); and the law does not exclude parol evidence to show a further agreement of one party because that of the other has been reduced to writing. A written agreement having been signed by one party, parol evidence may be given of an agreement made by the other as a consideration of the written contract. Unger v. Jacobs, 7 Hun, 221. This case differs widely from Service Co. v. Hartung (Com. Pl. N. Y.) 18 N. Y. Supp. 143, 20 N. Y. Supp. 986, where the contract was complete in itself.

But the evidence objected to did not show, or attempt to show, plaintiff's part of the agreement. It only tended to show what representations were made to the defendant by the agent for the purpose of securing the order, and that such representations were untrue and misleading, and deceived the defendant. It is not claimed that the agent promised any cuts, etc., or made any agreement whatever. He simply described the book for which he was soliciting subscriptions, and stated what its contents were to be, and we think the court below was clearly right in admitting such evidence. Fraud vitiates all contracts, and no one can, by a limitation such as contained in this instrument, escape from the penalty of the fraudulent representations of his agent made in the scope of his apparent authority. From all the facts in the case, it was necessary that the agent should make some representations as to the character of the work to be published, or else he could get no subscribers, and he was deputed for that purpose. In other words, the plaintiff cannot avail herself of the contract procured by her agent without also subjecting herself to the penalty of any false and fraudulent representation such agent might have made.

This case is very similar to Fashion Co. v. Skinner (Sup.) 19 N. Y. Supp. 62, where there was a similar clause, and the defendant answered by setting up fraud on the part of the plaintiff's agent. This part of the answer was demurred to, on the ground that it did not state facts sufficient to constitute a defense, and the demurrer was overruled by a judgment for defendant, ordered at special term. On appeal to the general term, this decision was affirmed by a divided court, two being in favor of the affirmance, and one against it. The fact that this was decided upon demurrer, we think, makes no difference in the rule of law applicable to such cases. It is true that the presiding justice who delivered the prevailing opinion did in its course state: "Whether, upon the trial, the proof will sustain the

averments, is one question; but the demurrer admits that the defendants were induced to enter into the contracts by false and fraudulent representations." This, however, in our judgment, only means that in that particular case, in the opinion of the judge, there may have been difficulty in finding proof of the allegations, not that they would be inadmissible under such a contract.

We therefore find no error in the rulings of the court below upon these questions, and that the case was properly submitted to the jury under a very clear statement of the law by the court, and that the verdict of the jury was not only right, but righteous. The judgment entered thereon should be affirmed, with costs.