WILLIAMS, J.
This was a proceeding to determine the validity oE a claim against an assigned estate, under section 26, chapter 466, Laws of 1877, which provides that the court or judge may, in its or his discretion, order a trial by a jury or before & referee of any disputed claim or matter arising under the provisions of the act, and may award reasonable costs and counsel fees, and determine which party shall pay the same.
The claim made by the claimant, as appears by his petition, was for an indebtedness owing and due by the assignors to him at the time of the assignment. The assignee denied that there was any such indebtedness, and that was the issue tried before the referee. There was no suggestion in the petition, as there seems to be on ' this appeal, that the claimant desired a reference to ascertain the amount of his lien upon the property in his hands for advances, .to the end that the property subject to the lien might be applied to pay the same. What he asked for was that the claim against the estate might be adjudicated and determined, to the end that he might have his distributive share of the estate; and the order of reference directed the issue raised by the petition and answer to be so referred and heard and determined. The trial, as it took place, was of the issues so made; and the report was upon such issues alone. It is too late, now, upon appeal, for the claimant to ■allege that, while he may have been properly beaten upon the issue made and tried, still he should have had relief, by way of an ■accounting, as to the amount of his lien upon the property, to the end that the property might be applied in payment, of the .same.
The decision of the referee as to the issue raised and tried before him was correct. The authorities cited by both parties held that, under such an arrangement as existed between these parties, resort must first be had to the fund or the consigned property for the payment of any advances made, before the principal can be made liable, and that it is incumbent upon the factor to show the fund to be insufficient to repay the advances, before a recovery can be had against the consignor personally. Corlies v. Cumming, 6 Cow. 184; Gihon v. Stanton, 9 N. Y. 477; Blackmar v. Thomas, 28 N. Y. 67. In the case of Gihon v. Stanton (above), it was said hy Judge Selden:
“ An ‘advance’ is something which precedes * * * As applied to the payment of money, it implies that the parties look forward to a time when the money will be due to the recipient. -» -s * An advancement by a factor is a prepayment, a mere anticipation of the avails of the goods consigned, and no more creates a debt in the first instance than an advancement by a father to his son, in anticipation of his expected inheritance, creates a debt.”
The real contention of the claimant at the trial was, as it is on appeal, that he was entitled to have his claim for advances established at the full amount remaining unpaid at the time of the assignment, and to take his dividend thereon from the estate, and then apply the proceeds of the'further sales of the property to the payment of any balance that might remain unpaid after such *812 dividends were so applied. He therefore made no attempt to account for any sales of property made after the date of the assignment, though it appeared many such sales had been made. He furnished the referee with no means of ascertaining the amount, unpaid upon his advances at the time of the trial, so that the amount of his lien upon the property at that time could be established, and a decree made with reference thereto.
It is hardly necessary to suggest the case of People v. E. Remington & Sons, 121 N. Y. 328; 31 St. Rep. 289, cited by counsel for claimant, is no authority for the position taken by him at the-trial, "and still maintained, that claimant might prove the full amount of the balance of his advances at the time of the assignment, and take his dividend thereon, and apply the proceeds of subsequent sales of property to the payment of balances remaining after applying the dividend so received'. In that case there-was a debt owing for which the property was pledged as collateral. Here there is no debt, primarily. A debt only comes into-existence after the sale of the- property, and the application of the proceeds, and then the debt is for the deficiency, and that alone can be proved. No debt or claim existed, at the time of the trial, for which this claimant could make proof, and upon, which he could take a dividend from the estate. When the property consigned shall have been- disposed of, he may prove for any balance of his demands -remaining unpaid.
The judgment ordered, by the special term, as far as it dismissed the claim, was correct. The court had power, under the statute, to award costs and counsel fees; and there was sufficient basis, in the affidavits and the certificate of the referee, for awarding such counsel fees. The trial, however, was not a lengthy one, and we think $250 was sufficient in amount- for counsel fees.
The judgment should be modified accordingly, and, as modified, affirmed, with costs of appeal to the respondents.
All concur.