(24 Misc. Rep. 722.)

RAILWAY ADVERTISING CO. v. STANDARD ROCK-CANDY CO.

(Supreme Court, Appellate Term. October 5, 1898.)

1. RESCISSION OF CONTRACT—FRAUD.
   One defrauded by a contract should disaffirm at the earliest practical moment after discovery of the fraud.

2. SAME—REASONABLE DILIGENCE.
   Where defendant made a simple remonstrance against alleged misrepresentations, and made no offer to return the amount received on the execution of the contract, a charge that he had availed himself of the privileges of rescinding with reasonable diligence was erroneous.

Appeal from First district court.

Action by the Railway Advertising Company against the Standard Rock Candy Company. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Richard T. Greene, for appellant.
Samuel Greenbaum, for respondent.

GIEGERICH, J. This appeal brings up for review only the rulings of the trial justice respecting the first cause of action alleged in the complaint, the issues raised by the second and third causes of action not being involved. In the first cause of action the plaintiff alleged the making of a written contract with the defendant for the insertion of its advertising cards in 187 cars in Providence and Pawtucket, R. I., for 11 months from the 1st day of February, 1898, at $112.20 per month; the performance of the contract by the plaintiff for a certain number of months; and the failure of the defendant to make payment therefor. The amended answer was a general denial, coupled with an admission that a written instrument of the character described in the complaint was executed by the defendant, and contained allegations that its signature thereto was procured through the false and fraudulent representation that 187 cars were one-third of all the cars in said cities, whereas such number was far in excess of all such cars, and that relying upon such representations the paper writing in question was signed. The defendant's officers gave testimony touching the alleged misrepresentations claimed to have been made by the plaintiff's president, which the latter denied.

In response to a request to charge that unless the jury "find from the evidence that the defendant, after the discovery of the alleged

fraud, rescinded the contract upon that ground, they cannot find for the defendant," the court said to the jury:

"The law is that, after fraud has been perpetrated, the party seeking to escape liability by reason of the fraud must act with reasonable diligence. In this case I do not know that it is seriously contended that they did not act with reasonable diligence. So, I charge that they have availed themselves of that privilege with reasonable diligence."

The plaintiff excepted to the refusal to charge as requested. We think such refusal was reversible error. It is a settled rule of law that the effect of fraud is not absolutely to avoid a contract induced by it, but to render it voidable at the option of the party defrauded; and the contract continues valid until the latter has determined his election by avoiding it. 2 Add. Cont. (Abb. & W. Am. Notes, 1888) marg. p. 1178; Oakes v. Turquand, L. R. 2 H. L. 325, 6 Eng. Ruling Cas. 879. The jury should therefore have been instructed as requested. The error was not obviated by the said instruction that "the party seeking to escape liability by reason of the fraud must act with reasonable diligence." This was but an incomplete statement of the rule applicable to this case. "If a party defrauded would disaffirm the contract, he must do so at the earliest practicable moment after the discovery of the cheat. That is the time to make his election, and it must be done promptly and unreservedly. He must not hesitate, nor can he be allowed to deal with the subject-matter of the contract, and afterwards rescind it. The party who would disaffirm a fraudulent contract must return whatever he has received upon it. This is on a plain and just principle. He cannot hold on to such part of the contract as may be desirable on his part, and avoid the residue, but must rescind in toto, if at all." Masson v. Bovet, 1 Denio, 69, per Beardsby, J.; Hammond v. Pennock, 61 N. Y. 145, 153.

The evidence, considered in the most favorable light to the defendant, shows but a simple remonstrance against the alleged misrepresentations. There was no return made, or offer to return $2.20, received by the defendant from the plaintiff upon the execution of the contract which is the subject of this controversy; nor was there any act from which it might be fairly inferred that the defendant had exercised its right of rescission. The instruction, therefore, that the defendant had exercised the privilege of rescinding, was erroneous.

There were other grounds urged for a reversal of the judgment, but the errors adverted to are to my mind of so radical a nature as to call for a new trial, and hence we consider it unnecessary to review them. Entertaining these views, it follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.