(29 Misc. Rep. 115.)

RAILWAY–ADVERTISING CO. v. STANDARD ROCK–CANDY CO.

(Supreme Court, Appellate Term.   October 4, 1899.)

ACTION ON CONTRACT IN MUNICIPAL COURT—EQUITY JURISDICTION—REFORMATION—INSTRUCTION.

> In an action in a municipal court on a contract providing that defendant should pay plaintiff $112.20 per month for placing defendant's advertising placards in the street cars of certain cities, it appeared that prior to the execution of the contract plaintiff and defendant had a similar contract as to cars of another city, which was canceled by plaintiff on condition that defendant would spend the same amount for advertising in the cars of the cities to which the contract in question applied; that the earlier contract only called for the payment of $102 per month; that the larger amount was placed in the latter contract by mistake; that plaintiff thereafter discovered the mistake, and telephoned to defendant, informing him thereof, and defendant answered that it could be fixed up later.   The court instructed the jury that, if they found from the evidence that it was the understanding that defendant was to spend as much under the later contract as under the earlier, they should find a verdict for plaintiff in the sum of $102 and interest.   Code Civ. Proc. § 3063, provides that the appellate court must render judgment according to the justice of the case, and without regard to technical defects which do not affect the merits, and that it may reverse or affirm a judgment for errors of law or fact. *Held*, that the instruction did not assume the exercise of equity power, and virtually allow a reformation of the contract sued on, and a recovery after reformation, and was not erroneous, when the parties had litigated the question as to what the contract was without objection.
>
> MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Railway-Advertising Company against the Standard Rock-Candy Company.   From a judgment in favor of plaintiff, defendant appealed.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hays, Greenbaum & Herschfield, for appellant.
Green & Johnson, for respondent.

FREEDMAN, P. J.   As appears by stipulation between the parties, the trial resulting in the judgment appealed from involved only the issues relating to the first cause of action set forth in the complaint.   So far as material to the questions presented by the present appeal, the issues litigated arose as follows:   The cause of action was based upon a written contract made between the parties, by the terms of which the defendant agreed to pay the sum of $112.20 per month for a period of 11 months from February 1, 1898, for the insertion of its advertising cards in 187 street cars, in

the cities of Providence and Pawtucket, R. I. The complaint alleged performance on the part of the plaintiff, and failure by the defendant to pay for one month's rent. In the amended answer it is alleged that, in procuring the signature of the defendant to such contract, the plaintiff made the false and fraudulent representation that 187 street cars were one-third of all the cars in said cities, while the fact was that such number was far in excess of all of such cars, and that the defendant relied upon such representation. At the trial the defendant was permitted to further amend its answer by alleging a rescission of the contract. Upon a former appeal brought by the plaintiff from a judgment in favor of the defendant, the judgment was reversed upon the ground that the evidence showed no rescission of the contract on the part of the defendant after the discovery by it of the alleged fraud. 24 Misc. Rep. 722, 53 N. Y. Supp. 790. In the present case the defendant attempted to prove a prompt rescission of the contract after its discovery of the falsity of the alleged fraudulent representations, but did not show either a return or an offer to return the sum of $2.20 claimed by the plaintiff to have been received by it from the plaintiff as part inducement for the execution of the contract at the time it was executed. Relying upon this point, the plaintiff's counsel, on the submission of the case to the jury, requested the trial judge to charge that if the $2.20 were paid by the plaintiff to the defendant as part of the contract sued upon, and the jury should find that said sum was not returned, they must find for the plaintiff, because without the returning of it there was no rescission of the contract. Defendant's counsel consented that such instruction should be given. The jury were instructed accordingly, and they found for the plaintiff. So far as their finding upon this point is decisive of the controversy between the parties, it should not be disturbed. It appears, however, that, independently of the question of rescission, the question was sharply litigated throughout the trial whether any false or fraudulent representations had been made in the procurement of the contract. Upon this point there was a sharp conflict of testimony, and the conflict was submitted to the jury for determination. Here, again, the finding of the jury should not be disturbed, unless there was error in the charge. The justice charged, among other things, as follows:

"If you find that Mr. Weinberg, the president of the plaintiff, is telling the truth, and it was agreed that they [the defendant] would spend in Providence the same amount of money they would spend in St. Louis, it only proves after all that that was $102. * * * If you believe, from the testimony, that that was the understanding, * * * you will find a verdict for the plaintiff for the sum of $102, with $5 interest, which makes a total of $107."

To this the defendant's counsel excepted in the following language:

"I take exception to your honor's charge,—to that part of it in which you say that, if Mr. Weinberg's testimony is true as to the sum of $102 being the amount that should have been spent in St. Louis should be spent in Providence, the jury must find for the plaintiff."

The justice thereupon remarked:

"I said, if they find from the whole testimony that it was so understood between the parties, they can find for the plaintiff."

Defendant's counsel excepted to the modification.

It is contended that this instruction constituted error because it assumed the exercise of equity powers, and virtually allowed a reformation of the contract sued upon, and a recovery upon it after reformation. This contention cannot be sustained. The liberality, almost informality, of practice sanctioned in the municipal court and the provisions of section 3063 of the Code of Civil Procedure constitute an answer to the criticism. Moreover, the parties, without objection, litigated the contract on which the recovery was had, and the testimony on this point took a wide range. The defendant's testimony was to the effect that the arrangements for the contract had been made by Mr. Palmer, the president of the defendant, and Mr. Weinberg, the president of the plaintiff; that Mr. Weinberg, on writing the contract, stated that the number of the cars therein mentioned would be one-third of all the cars; and that Mr. Palmer, relying upon Mr. Weinberg's representations, then signed the contract for 187 cars. Mr. Weinberg, on behalf of the plaintiff, on the other hand, denied positively the making of any such representations, and then detailed the circumstances under which the contract was signed. These circumstances, and the inferences fairly deducible from them, established the following, viz.: The plaintiff and the defendant had an outstanding contract in St. Louis, and the plaintiff had specially acquired certain rights in St. Louis for the purpose of fulfilling that contract. The defendant was anxious to cancel the St. Louis contract, and the plaintiff agreed to cancel it, provided it would be relieved from its obligations to the St. Louis company. This St. Louis contract was to run from January 1, 1898, for a period of 12 months. On January 28th plaintiff succeeded in getting released from its St. Louis obligations, and immediately notified the defendant, and the St. Louis contract, which still had 11 months to run, was canceled. The defendant had promised that, if a release could be obtained from the St. Louis contract, the defendant would expend the same amount of money in Providence that it had expended in St. Louis. On the day the Providence contract was signed Mr. Weinberg and Mr. Palmer talked over the matter, and Mr. Weinberg, under the impression that the St. Louis contract called for $112 per month, computed the number of cars which $112 would pay in Providence, at 60 cents per car. He found that $112 would pay for between 186 and 187 cars. He thereupon filled out the contract for 187. The cost of these cars would come to $112.20 per month. This sum was 20 cents per month in excess of the amount being paid in St. Louis. So Mr. Weinberg then and there paid Mr. Palmer, in cash, 11 times 20 cents, or $2.20, being the excess for the 11 months, so that the defendant would not be paying any more in Providence than St. Louis. The contract was signed in duplicate, and Mr. Weinberg left. After he had gone down the street a few blocks, it occurred to him that an error had been made, because he then remembered that the St. Louis contract was for only $102 per month, instead of

$112. He then telephoned to defendant's office that the amount should be $102. Mr. Palmer was not there at the time, but defendant's secretary answered that it was all right, and that the matter might be fixed up at some other time. In view of these circumstances, and the fact already referred to, that both parties, without objection, litigated at great length the question as to what the contract really was, and the defendant's counsel having failed to point out specifically any defect in the instruction given as modified, or to request any change, the instruction given to the jury as modified does not constitute reversible error. It was, under all the circumstances, but another way of saying that, if the jury believed plaintiff's version of the transaction in preference to that given by the defendant, they could find for the plaintiff. The justice did not even say that in that event they should find for the plaintiff. Moreover, the said instruction constituted only part of the charge to the jury, and the charge as a whole was to the effect that, inasmuch as two inconsistent versions of the contract had been given, it was for the jury exclusively to determine which side had given the true one, and to determine the issues accordingly.

Upon a careful examination of the whole record, I am satisfied that the judgment is righteous, and that none of the objections are meritorious. The undisputed payment of $2.20 by the plaintiff to the defendant, in order to reduce the monthly payments to $112 (the supposed amount mentioned in the St. Louis contract), is to my mind conclusive. The defendant admits the receipt of the $2.20, and it is entered on its books; but it offered no reason whatsoever why the plaintiff paid to it that sum. The claim of the plaintiff in that regard is most reasonable. I fail to discover any merit in the defense, and do not think the parties should be subjected to further litigation, when the result reached is clearly right, and the objections are technical and attenuated, and the defendant had the benefit arising from the performance of the contract on the part of the plaintiff. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

LEVENTRITT, J., concurs.

MacLEAN, J. (dissenting). Abandoning its second and third causes of action, as appears by the return amended by stipulation of the parties, the plaintiff brought this action upon a written contract, dated January 28, 1898, whereby it agreed to place advertising cards of the defendant in 187 cars in Providence, R. I., for a term of 11 months, commencing February 1, 1898, and according to which the defendant agreed to pay $112.20 at the end of each month during the term of the contract, seeking to recover the amount alleged to be due for the month of February, 1898, in return for full performance of the contract on its part. The amended answer of the defendant set up a general denial and a separate defense, to the effect that it signed the contract through false and fraudulent representations of the plaintiff, and, in addition thereto, a counterclaim for damages in connection with another contract between

the parties hereto, alleged to have been entered into on or about the 2d day of December, 1897. After an apparently protracted trial, in which the evidence was decidedly conflicting, the justice charged the jury:

"If you find that Mr. Weinberg, the president of the plaintiff, is telling the truth, and it was agreed that they would spend in Providence the same amount of money they would spend in St. Louis, he only proves after all that that was $102. * * * If you believe, from the testimony, that that was the understanding, * * * you will find a verdict for the plaintiff for the sum of $102, with $5 interest, which makes a total of $107."

To this the defendant excepted, but the jury so found. For this the judgment should be reversed and a new trial ordered. The defendant, by its answer, set up no other contract than the one declared on in the complaint, admitted its execution, and, as it had the right to do, set up fraud as a defense thereto. Estelle v. Dinsbeer, 9 Misc. Rep. 485, 486, 30 N. Y. Supp. 226. Furthermore, the defendant at the trial moved to be allowed to set up affirmatively repudiation and rescission of the contract upon discovery of the fraud. No other contract than the one declared on in the complaint appears in the pleadings, so that the charge to the jury and their finding seem to be a virtual assumption of the exercise of equity powers, apparently recognizing the plaintiff's right of recovery upon the contract sued upon, but reforming that contract because the same, either through mistake or fraud, was not quite what the parties made or intended to make. This was error because extrajurisdictional. Ferree v. Ellsworth (Com. Pl.) 19 N. Y. Supp. 659. If this be not, in effect, reformation, then it must be conceded to be a recovery upon a cause of action not pleaded, and we may say, as was said by Andrews, J., in Reed v. McConnell, 133 N. Y. 425, 433, 31 N. E. 22:

"This recovery was in violation of the rule that no judgment can be sustained in favor of a plaintiff on a cause of action not alleged in the complaint, unless the defendant, by his silence or conduct, acquiesced in the trial of the new and different cause of action, upon which the judgment proceeded."

This the defendant did not do. Supposing, however, that it had been pleaded, then it is impossible to say that the defendant is at fault because it did not return the sum of $2.20 received from the plaintiff, because it nowhere appears that such sum was in any manner connected with such agreement as the one upon which plaintiff recovered.

The judgment should be reversed and a new trial ordered.