RAILWAY ADVERTISING COMPANY, Respondent, *v.* STANDARD ROCK CANDY COMPANY, Appellant.

*Contract to insert advertising cards in street cars — repudiation of the contract by the party whose cards were to be inserted — burden of proof that the other party could have rented the space and thus reduced the damages — nature of the contract.*

A railway advertising company entered into a contract with a manufacturing company, by which the manufacturing company authorized the advertising company to insert advertising cards in 187 cars in a certain city during a certain time for a stipulated monthly sum. The manufacturing company repudiated the contract the day after it was made. Notwithstanding the repudiation of the contract the advertising company continued the performance thereof.

In an action brought by the advertising company against the manufacturing company to recover the sums mentioned in the contract, it was

*Held,* that the burden of proving that the plaintiff had neglected to lessen the damages rested with the defendant;

That, as it did not appear that the plaintiff could have rented the space reserved for the defendant, the plaintiff was entitled to recover the full contract price;

That the contract between the parties was not a contract of hiring, but was an agreement to insert the defendant's advertising card in a certain space in the street cars, and that this fact was evidenced by the following provision in the contract: "This contract conveys no right to the party signing it to assign or sublet the space leased under it."

APPEAL by the defendant, the Standard Rock Candy Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of May, 1902, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term.

*Frank Barker*, for the appellant.

*M. S. Guiterman*, for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice RICH at Trial Term.

GOODRICH, P. J., BARTLETT, HIRSCHBERG, JENKS and HOOKER JJ., concurred.

The following is the opinion of Mr. Justice ADELBERT P. RICH, delivered at the Kings County Trial Term:

RICH, J.:

January 28, 1898, plaintiff and defendant entered into a written agreement, whereby the defendant authorized the plaintiff to insert its advertising cards in 187 cars in Providence, R. I., during the months of February, March, April, September, October, November and December, 1898, and February, March and April, 1899, for which the defendant agreed to pay the plaintiff the sum of $112.20 monthly.

It was agreed that in case of the omission of any reasonable number of cards from the cars the defendant should be entitled to a *pro rata* rebate for such cars as may have been omitted.

Prior to the execution of this agreement a similar contract for advertising space in St. Louis cars had been entered into between the parties, and this contract was canceled and the Providence contract (the one in suit) substituted in its place. The day after this agreement was executed the defendant, by its president, informed the plaintiff that it repudiated the contract and would not be bound by it. On the 5th day of April, 1898, an action was instituted in the Municipal Court for the recovery of the installment for the month of February, in which the plaintiff succeeded. (*Railway Advertising Co.* v. *Standard Rock Candy Co.*, 29 Misc. Rep. 115.)

The defendant claimed in that action that it had rescinded the contract on the ground that it was fraudulently obtained, and, therefore, void. It was held, however, that the contract was valid and binding. Here it is claimed by the defendant that it repudiated and countermanded the contract, which it now concedes to be valid and binding, immediately after it was made and before anything was done thereunder; that the plaintiff was not entitled to continue performance, but was bound to stop and look to the defendant for damages on the latter's part. This, of course, would be true if the contract was for the employment of labor and services, and yet it appears affirmatively that the plaintiff was unable to rent all of the empty space in the Providence cars during the period covered by this contract, and while the burden of proving that the plaintiff had neglected to lessen the damages rested with the defendant (*Hamilton* v. *McPherson*, 28 N. Y. 77), no evidence whatever was

given tending to show that the plaintiff was able to rent this space. I agree with the plaintiff that the true intent and meaning of the contract was that the defendant should rent a certain space in the Providence cars to be used by it for advertising purposes, and was entitled to this space for its own use. It was not a contract of hiring — it was an agreement to insert defendant's advertising card in a certain space of the Providence cars, and this is evidenced by the fact that the contract itself provides : " This contract conveys no right to the party signing it to assign or sublet the space leased under it."

The plaintiff, upon its part, performed this contract, and the defendant is bound to perform on its part, and cannot excuse a breach by repudiation.

The plaintiff is, therefore, entitled to recover the sum of $102 for each of the nine months subsequent to the commencement of the first action, with $181.06 interest. And the plaintiff may have judgment against the defendant for $1,099.06, with costs, and an additional allowance of five per cent upon the recovery.