(53 Misc. Rep. 443)

### CARMER v. STILL.

(Supreme Court, Special Term, Erie County. February, 1907.)

JUDGMENT—RES JUDICATA.

Where decedent assigned an interest in an estate to plaintiff, and subsequently assigned the same interest to defendant, and defendant had the first assignment set aside for fraud, and plaintiff subsequently procured a third assignment of the interest, reciting that the assignment of defendant was obtained through fraud, and authorizing plaintiff to sue to set it aside, the judgment setting aside the first assignment did not bar plaintiff's suit to set aside the assignment to defendant; plaintiff having been in no position to raise the question of fraud in that assignment in defense to defendant's action against him, but the judgment against plaintiff was conclusive only as to the first assignment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1104.]

Action by Grant D. Carmer against Jessie Still. Demurrer to complaint overruled.

E. W. Holt, for demurrer.
O. W. Nourse, opposed.

WHEELER, J. The action is brought to set aside an assignment of an interest in the estate of Lucina Miles to the defendant, and also to restrain the enforcement of a judgment recovered by the defendant against the plaintiff.

The situation presented is peculiar. It appears from the complaint that on June 15, 1904, Julia Trumble assigned to the plaintiff, Grant D. Carmer, all her interest in the estate of one Lucina Miles, deceased. Subsequently, and on or about the 28th day of September, 1905, Julia Trumble executed a second assignment of the same interest to Jessie Still. Thereupon Jessie Still, by virtue of this second assign-

ment, brought an action in this court to set aside the first assignment to Carmer, on the alleged ground that it had been obtained by fraud and misrepresentation. Carmer answered, the issues were tried, and the court decided adversely to Carmer, and set aside the assignment to him. Immediately after the rendition of that judgment Carmer, the plaintiff in this case, procured from the said Julia Trumble a third assignment of her interest in the estate of Lucina Miles. A copy of this assignment is attached to and forms a part of the complaint. This instrument recites the second assignment to Jessie Still, and the fact, in substance, that it was obtained through fraud and misrepresentation. It purports to revoke the said second assignment to Jessie Still, and authorizes the plaintiff, Grant D. Carmer, to institute an action to set aside and revoke the said assignment to Jessie Still. Thereupon this plaintiff, Grant D. Carmer, brings this action, in which he alleges the facts above stated, setting up the judgment against him, and in his prayer for judgment asks that the assignment from Julia Trumble to the defendant Jessie Still be rescinded and set aside, and also prays for a permanent injunction restraining the payment by the administrators of the estate of Lucina Miles to the said Jessie Still of the share purported to be assigned to Jessie Still, and also restraining the defendant Jessie Still from enforcing the judgment against the plaintiff above referred to. The defendant demurs on the ground that the complaint does not set forth a cause of action, claiming all the questions presented by the complaint have become res adjudicata.

The argument in support of the demurrer is made that the complaint shows that the very matter set up as an attack upon the assignment to Jessie Still would have been a defense to the former suit, and might have been litigated therein, and that a judgment is a bar, not only as to issues actually raised and litigated, but also as to such as might have been raised and litigated within the purview of the action. The general proposition of law is perfectly well recognized, but the real question remains, whether in law and in fact the alleged fraudulent character of the second assignment given by Julia Trumble to Jessie Still was available to the defendant, Carmer, in the action brought against him to set aside the prior assignment to him by Julia Trumble. We think such a defense was not available to Carmer. Assuming the assignment to Still was procured by fraud as alleged in the complaint, nevertheless whether Julia Trumble would rescind the assignment or not for that reason rested entirely with her, and not with Carmer. It is the settled law that the effect of fraud is not absolutely to avoid a contract induced by it, but to render it voidable at the option of the party defrauded, and the contract continues valid until the latter has determined his election by avoiding it. Railway Advertising Co. v. Standard Rock Candy Co., 24 Misc. Rep. 723, 53 N. Y. Supp. 790, citing 2 Addison on Contracts (Am. Notes by Abbott & Wood, 1888) *1178; Oakes v. Turquand L. R. 2, H. L. 325, 6 English Ruling Cases, 879. The right to elect to treat the assignment to Still void for fraud in its procurement was the right of Mrs. Trumble, and not of Carmer, and, so long as Mrs. Trumble had not taken action, Carmer could not

interpose as a defense to the action against him the fraud practiced on Mrs. Trumble. As he was therefore in no position to raise such a defense, I cannot see that the judgment against him is res adjudicata on that question, nor can I see how Carmer can be estopped from alleging the fraudulent character of such assignment; he now having become the owner of the interest by virtue of a subsequently acquired interest.

The judgment against Carmer must stand, so far as it adjudicates the first assignment to him by Mrs. Trumble fraudulent and void, but there is nothing in that which forbids him upon a new and valid consideration acquiring and enforcing such interest as Mrs. Trumble has in the estate. In so far as the plaintiff here seeks to vacate or set aside the judgment against him declaring the first assignment to him void, he must fail; and, if that were all there is to the complaint, the demurrer would be well taken. The plaintiff, however, goes further in his complaint, and asks that the assignment to the defendant, Jessie Still, be declared fraudulent and void, and Jessie Still restrained from receiving any share of the estate purporting to be assigned. If he succeeds in maintaining the allegations of the complaint in that respect, then he would be entitled to an accounting from Jessie Still. In other words, Carmer now stands in the shoes of Mrs. Trumble by virtue of the last assignment, and entitled to enforce against Still all the rights and remedies Mrs. Trumble had.

For these reasons, the demurrer must be overruled, with leave to the defendant to answer within 20 days after service of the interlocutory judgment to be entered hereon upon the payment of costs of this demurrer.